THE STATE, DEFENDANT IN ERROR, v. JOHANNA GEHRMANN, PLAINTIFF IN ERROR.

Submitted December 6, 1912—Decided March 3, 1913.

Where after conviction of a defendant it appears from the record that the giving of judgment and imposition of sentence has been regularly postponed, it is not error to impose the sentence at the future day to which the final disposition of the case has been adjourned. The record being in due form, implies verity, and it cannot be assailed collaterally.

On error to the Hudson Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and BERGEN.

For the plaintiff in error, *Alexander Simpson* and *Isaac F. Goldenhorn.*

For the defendant in error, *Pierre P. Garven.*

The opinion of the court was delivered by

BERGEN, J.   The record which is submitted shows that the defendant was indicted at the April Term, 1909, of the Hud-

son County Oyer and Terminer, of the crime of administering a medicine or noxious drug with intent to cause and procure the miscarriage of a woman pregnant with child; that the indictment was regularly and in due form handed down for trial to the Court of Quarter Sessions of said county of Hudson April 21st, 1909; that on the 28th day of April, 1909, the defendant entered a plea of *non vult contendere;* that thereupon the cause was continued to the 17th day of June, on which day an order was entered that the sentence of the law be postponed, and that the cause having been continued to the 9th day of August, 1911, was then continued until the 21st day of September, 1911, on which day it was adjudged that the said defendant be confined in the state prison for the term of five years. This judgment has been removed to this court by a writ of error and the error assigned is, that the court, notwithstanding it had postponed sentence, did thereafter pronounce a new judgment against the defendant. Unless it be assumed that the order of the court postponing the day of sentence is a judgment, then it is impossible to conceive upon what theory the plaintiff in error can maintain that a new judgment was pronounced against the defendant.

That the postponement of the day of sentence is not a final judgment, seems to us to be beyond debate in this state, and the cases cited by the plaintiff in error as holding otherwise are not pertinent. All we have before us is a record which shows that after conviction the imposition of the sentence was regularly and in due form continued until the sentence was regularly imposed. The record brought here by this writ of error shows that no judgment or sentence was entered or imposed by the court until the last day to which the cause was postponed, or continued, and as that record implies verity and is not subject to collateral assault, we can perceive no foundation for this writ of error.

Therefore the judgment below will be affirmed.